# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| COREY FONDREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1755 SPM |
| | ) | |
| METROPOLITAN ST. LOUIS | ) | |
| PSYCHIATRIC CENTER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Corey Fondren for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement and states that his institution does not provide such statements. (Docket No. 7). His motion states that he receives no income and has no funds in a checking or savings account. (Docket No. 3). As a result, the Court will not require plaintiff to file an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (stating that a prisoner shall not be prohibited from bringing a civil action for the reason the prisoner has "no means by which to pay the initial partial filing fee").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual

allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pretrial detainee at the Metropolitan St. Louis Psychiatric Center (MSLPC). (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983, naming the MSLPC and Edward Worman as defendants. The defendants are sued in both their official and individual capacities. The complaint consists of a Court-provided § 1983 form, along with a number of exhibits consisting of court orders, a charging sheet, additional allegations, and excerpts from police reports. These exhibits will be treated as part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

3

On June 3, 2017, plaintiff states that he was wrongfully arrested at 15313 Jost Main Street in Florissant, Missouri. (Docket No. 1 at 5). During his arrest, plaintiff alleges that he was assaulted by the police officers. (Docket No. 8 at 11). The Court notes that these allegations are the subject of a separate lawsuit, *Fondren v. White*, No. 4:18-cv-01102-JCH (E.D. Mo.). As a result of this incident, plaintiff states that he was falsely imprisoned for over a year at the St. Louis Justice Center.

At present, plaintiff claims he is being held at MSLPC "against [his] civil rights." (Docket No. 1 at 6). He states that MSLPC has told him he is incompetent to enter into a plea in court for his alleged crimes. He further states that the crimes "they say" he committed are not on the surveillance footage referenced in the police reports.

Plaintiff asserts that as a result of his confinement in MSLPC, he is suffering more false imprisonment. He alleges that MSLPC is not looking at all the evidence in saying that he is incompetent.

Plaintiff further accuses his public defender, Edward Worman, of failing to look at the DVD evidence provided to him during discovery. (Docket No. 1 at 5).

Plaintiff is seeking $1 million from each defendant, for a total of $2 million in damages. (Docket No. 1 at 7).

## Discussion

Plaintiff alleges that the MSLPC and his public defender violated his constitutional rights for their role in his present confinement. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Defendant MSLPC

Plaintiff's claim against defendant MSLPC must be dismissed because MSLPC is a state agency that is not subject to suit under § 1983, and because he has failed to establish that MSLPC is liable for violating his constitutional rights.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).

The MSLPC is operated by the Missouri Department of Mental Health, which is an agency of the State of Missouri. As noted above, a stage agency is not a "person" for purposes of § 1983. Therefore, his claim against the MSLPC must be dismissed.

Even if the MSLPC was a § 1983 "person," plaintiff has still failed to assert a valid claim against it. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct at issue. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). To do that, plaintiff mush show that the violation of his constitutional rights resulted from (1) an official policy, (2) an unofficial custom, or (3) a

5

deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, plaintiff has three avenues by which he can assert liability against the MSLPC.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a claim against the MSLPC by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff provides no factual support for the proposition that the MSLPC has an unconstitutional policy or custom that is keeping him illegally confined in violation of his rights. His conclusory pleading does not even allege that it is within the power of the MSLPC to determine whether or for how long he is held within the facility. He also does not allege any facts regarding the training or supervision of MSLPC employees. In short, plaintiff has not provided the facts required to support an official capacity claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). As such, plaintiff's claim against defendant MSLPC must be dismissed.

### B. Defendant Worman

Plaintiff's claim against defendant Worman must be dismissed for failure to state a claim. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Here, plaintiff alleges that Worman, his public defender, did not review certain evidence. The review of evidence is within the traditional functions of a defense attorney in a criminal proceeding. As such, Worman was not acting under color of state law, and he cannot be liable under § 1983. Therefore, plaintiff's claim against him must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. This motion will be denied as moot because this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Motion for Relief

Plaintiff has filed a motion titled "motion for relief." (Docket No. 12). In the motion, petitioner asks for his case to be dismissed immediately so that he can be released. Such a request is not cognizable in a § 1983 action. Rather, the relief he seeks in the motion is available only through a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to

immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). As such, petitioner's motion for relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's institutional account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for relief (Docket No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of March, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE